Ruth RINGO, Guardian for David L. (Jan) Ringo, III, et al., Appellants,

v.

David L. RINGO, Administrator with Will Annexed of Minnie L. Scott, Deceased, et al., Appellees.

Court of Appeals of Kentucky.

Feb. 15, 1957.

James P. Hanrahan, Frankfort, for appellants.

J. Jerald Johnston, Robert H. Kinker, Frankfort, for appellees.

STEWART, Judge.

This action was brought for the purpose of construing the will of Minnie L. Scott, deceased. Practically the only asset of the estate involved in this appeal is a house and lot known as 225 West Third Street in Frankfort.

The will first directs the payment of all debts, including the funeral expenses of the testatrix. It then makes certain specific bequests, namely: The sum of $500, payable from the rent of the house, to Walter C. Scott, a brother; a room in the house for the use of Mary Ettie Smith, a friend; and an apartment in the house to be occupied by Martha Scott Ringo, testatrix' sister. The instrument also provides for the satisfaction of the final payments on her father's cemetery lot.

The remainder of the will seeks to impress a trust upon the above house for the use and benefit of David L. (Jan) Ringo,

III, age 15, Phillip J. Ringo, age 13, Peter M. Ringo, age 9, and of "any other brothers or sisters they may have, all being the children of my nephew David L. Ringo." Another child of the nephew, Nancy P. Ringo, age 2, has been born since this instrument was drafted. This portion of the will charges that the house "is not to be sold under any circumstances", but is to be kept in repair and rented out, and the income derived therefrom, after deducting all necessary upkeep costs, "shall be paid toward the higher education either college or technical of each child." After all the children of David L. Ringo are educated in the manner described, the will provides that "the income from the house shall be divided equally between my nephews David L. Ringo and his brother Walter Scott Ringo", or the survivor of them. The last sentence of the will reads in part: "I forbid that this house be sold for the next 30 years."

The lower court declared invalid all of the portion of the will which undertakes to create a trust for the children of David L. Ringo on the grounds that it is "so vague and ambiguous as to be impossible of execution and * * * on the further ground that it violates the statute against perpetuities." The guardian of the above named infants appeals from this decision. Since all of the other heirs and beneficiaries under the testamentary document have deeded their respective interests in the testatrix' estate to Martha Scott Ringo, she and the administrator with the will annexed of Minnie L. Scott are the only parties involved besides the appellant guardian.

. The record discloses that the house and lot are encumbered with a mortgage lien held by a Frankfort bank, given to secure a $2,000 note. The house is in a run-down state and no tenant will live in it because of its condition. It is estimated it will cost between $6,000 and $8,000 to put the house in rentable condition, and there is presently no money available in the estate or procurable on credit terms for repairing or reconditioning it, so as to make this asset income producing. The value of the property is not shown, but all indications are that its worth is not great.

It will be recalled the will, in one place, recites that the house shall not be disposed of "under any circumstances" and it states in the closing sentence that it shall not be sold "for the next 30 years". Appellant concedes these provisions of the will are invalid as restraints upon the alienation of the property. However, we do not find it necessary to delve into this phase of the case or to inquire whether any part of the will violates the rule against perpetuities; for we conclude the lower court was correct in voiding that portion of the will which undertakes to create a trust for the Ringo children, because, as we shall hereinafter show, the trust attempted to be set up is impossible of accomplishment.

It is the generally accepted rule that if the purposes for which a trust is created are unattainable, or become impossible of execution, the trust will be ordered terminated. In 54 Am.Jur., Trusts, Sec. 86, p. 85, this statement appears on this point:

> "The fact that performance of a trust becomes impossible is ground in a proper case for the termination of the trust. Thus, it is generally recognized that if the continuance of a trust becomes so pecuniarily profitless, expensive, or hopeless as to result in a condition justifying the conclusion that the purposes of the trust are impossible of accomplishment, the trust may properly be terminated by an equity decree."

See also Restatement of the Law of Trusts, Vol. II, Sec. 335, p. 1016.

If a trust once in being can be terminated when the practical impossibility of its execution is established, then there seems to be more reason for declaring void ab initio the attempt to set up a trust when

**114**

it is hopeless to undertake the performance of it according to its terms.

 The record indicates that the house and lot are far less valuable than the testatrix evidently thought when she wrote such a generous will. It is also clear from the admitted facts that the trust provisions of the testamentary scheme cannot be fulfilled, if all of the intentions expressed in the testatrix' will are undertaken with reference to the use of the house. For example, it is obvious that no appreciable net income can be realized from the property if it is occupied for living space rent free by the testatrix' friend, Mary Ettie Smith, and her sister, Martha Scott Ringo.

However, assuming certain portions of the property could be rented so as to yield some revenue, it is conceded that, before such can be done, the house must be extensively repaired at a cost ranging from $6,000 to $8,000. It is definitely indicated that money in such amounts cannot be raised by the estate. The will contains no provision for pledging the property to procure money for any purpose. More than that, it is almost a certainty that the property must be sold in order to liquidate the $2,000 note secured by a mortgage against it. If the property is sold to satisfy this debt, the further execution of any trust as to the house becomes impossible and any rights devised to the beneficiaries of the trust must fail. A judicial sale of the trust property to satisfy a mortgage indebtedness, which was made prior to the creation of the trust, necessarily renders the trust impossible of accomplishment. See Miller's Ex'rs v. Miller's Heirs & Creditors, 172 Ky. 519, 189 S.W. 417.

Hence, for the reasons shown, the trust which the testatrix undertook to create for the use and benefit of the children of David L. Ringo is declared void because it is our view its provisions cannot be carried out.

Wherefore, the judgment is affirmed.